IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-60570

PATRICIA F TAYLOR

Petitioner

v.

ADMINISTRATIVE REVIEW BOARD, UNITED STATES DEPT OF LABOR

Respondent

Petition For Review of an Order of the
United States Department of Labor
(05-062)

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Patricia Taylor filed a complaint with the Department of Labor for alleged retaliation by her employer, Wells Fargo, in violation of the Sarbanes-Oxley Act whistle-blower protection provision. 18 U.S.C. § 1514A. An Administrative Law Judge determined that Taylor failed to demonstrate a prima facie case of retaliation. The Labor Department's Administrative Review Board sustained that decision. We agree with these decisions and affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In October 2001, Taylor expressed concerns to Wells Fargo's in-house counsel that the company's practice of backdating letters of credit could be fraudulent and constitute regulatory deception. In response, counsel issued guidance on when the practice would be acceptable. In the present suit, Taylor alleged that her 2001 complaints were the first but not only example of protected activity that underlay Wells Fargo's 2003 decision to terminate her employment.

In February 2003, Taylor received a written warning of a violation of Wells Fargo's ethics policy. The basis was Taylor's request that a new original commercial real estate loan document be created by tracing a client's signature because the original could not be located. After this warning, Taylor refused to speak to her supervisor. Her relationship with other employees soured. She received a negative written performance evaluation in February and July 2003, and refused to meet with her supervisor to discuss the rating. Instead, she advised the supervisor that she had retained counsel. Also in July, she renewed her complaints about backdating letters of credit. Wells Fargo's counsel sent out a letter defining the limited circumstances that would permit the practice.

There was evidence that in August 2003, Taylor spoke loudly, even screamed at, and was otherwise belligerent with her supervisor during a meeting about policies on letters of credit. The supervisor reported the incident to higher management. An upper-level manager made the final decision to terminate Taylor's employment due to insubordination. The manager who fired Taylor testified that he had no knowledge of Taylor's communications with in-house counsel or even of the letter of credit issue.

Taylor argues that the proximity in time of her communication to in-house counsel with the termination of her employment establishes a prima facie case that she was terminated for protected activity as a whistle-blower. The Administrative Law Judge disagreed, finding that Taylor's complaints about

letters of credit were protected activity but also that Wells Fargo proved by clear and convincing evidence that it would have discharged her for insubordination regardless of any protected activity. On appeal, the Administrative Review Board agreed with the conclusions and adopted the Administrative Law Judge's recommended decision and order. See Allen v. Admin. Review Bd., 514 F.3d 468, 475 (5th Cir. 2008).

The Board applied the proper legal standard; there is substantial evidence in the record to support its decision. The decision is AFFIRMED.